UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.: 09-18053 |
| KEVIN CARNEY | ) | |
| | ) | Chapter: 7 |
| | ) | Honorable Pamela S. Hollis |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

**ORDER GRANTING MOTION TO APPROVE COMPROMISE
OR SETTLEMENT PER RULE 9019 WITH HEIDI PERIOLI AND EDITH NAUGHTON**

THIS MATTER COMING TO BE HEARD upon the Trustee's Motion to Approve Compromise Or Settlement Per Rule 9019 with Heidi Perioli and Edith Naughton (the "Motion") (terms undefined shall have the same meaning attributed to them in the Motion); the Court finds that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is in the best interests of the Debtor, its estates, and its creditors; (iv) proper and adequate notice of the Motion and the hearing thereon has been given and no other or further notice is necessary; and (v) upon the record herein after due deliberation thereon, good and sufficient cause exists for the granting of relief as set forth herein,

IT IS HEREBY ORDERED that:

1. The Motion is GRANTED;

2. All objections to the Motion or the relief requested therein that have not been made, withdrawn, waived, or settled, and all reservations of rights included therein, are overruled and disallowed on the merits;

3. The Trustee is hereby authorized to settle the judgments and claims of the Debtor's estate against Heidi Perioli and Edith Naughton for a total of $67,095.73;

4. The Settlement Agreement between the Trustee and Heidi Perioli and Edith Naughton attached as Exhibit A to the Motion is approved;

5. The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

Enter:   *[signature]*

Honorable Pamela S. Hollis
United States Bankruptcy Judge

Dated: November 06, 2014

**Prepared by:**

Daniel P. Dawson (ARDC #6199728)
Joseph A. Ptasinski (ARDC#6306772)
Nisen & Elliott, LLC
200 West Adams Street, Suite 2500
Chicago, Illinois 60606-4637
(312) 782-0600

# EXHIBIT A

# CONFIDENTIAL SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Confidential Settlement Agreement and Mutual Release ("Agreement") is made and entered into this _15_ day of _October_ 2014, by and between, on the one hand, David P. Leibowitz, as chapter 7 trustee (the "Trustee") of the chapter 7 bankruptcy estate of Kevin G. Carney (the "Debtor"), and, on the other hand, Heidi Perioli and Edith Naughton (collectively the "Defendants," and together with the Trustee and the Debtor, the "Parties").

## RECITALS

WHEREAS, on May 14, 2009 (the "Petition Date"), twelve creditors of the Debtor commenced an involuntary chapter 7 case in the United States Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Court"), which is being administered under bankruptcy case number 09-18053; and

WHEREAS, David P. Leibowitz was subsequently appointed chapter 7 case Trustee of the Debtor; and

WHEREAS, on May 14, 2011, the Trustee filed an adversary proceeding (Adv. No. 11-01108) against Heidi Perioli alleging that Heidi Perioli received transfers in the amount of $102,090.73, as the initial transferee, or an immediate or mediate transferee of an initial transferee, that are voidable pursuant to Sections 544, 548, and 550 of the Bankruptcy Code or are otherwise recoverable under Illinois law; and

WHEREAS, on February 1, 2013, the Trustee filed a motion for default judgment against Heidi Perioli, alleging that, to date, no appearances had been filed on behalf of Heidi Perioli and Heidi Perioli had not answered the Complaint or otherwise pleaded; and

WHEREAS, on February 14, 2013, the Bankruptcy Court entered a Default Judgment in the adversary proceeding in favor of the Trustee and against Heidi Perioli in the amount of $102,090.73, plus pre and post-judgment interest, fees and costs; and

1 of 7

WHEREAS, on May 14, 2011, the Trustee filed an adversary proceeding (Adv. No. 11-01103) against Edith Naughton alleging that Edith Naughton received transfers in the amount of $103,058.44, as the initial transferee, or an immediate or mediate transferee of an initial transferee, that are voidable pursuant to Sections 544, 548, and 550 of the Bankruptcy Code or are otherwise recoverable under Illinois law; and

WHEREAS, on February 1, 2013, the Trustee filed a motion for default judgment against Edith Naughton, alleging that, to date, no appearances had been filed on behalf of Edith Naughton and Edith Naughton had not answered the Complaint or otherwise pleaded; and

WHEREAS, on February 14, 2013, the Bankruptcy Court entered a Default Judgment in the adversary proceeding in favor of the Trustee and against Edith Naughton in the amount of $130,058.44, plus pre and post-judgment interest, fees and costs; and

WHEREAS, the Defendants dispute and deny the Trustee's allegations; and

WHEREAS, the Parties desire to settle and resolve all disputes among them on the terms and subject to the conditions herein.

NOW THEREFORE, in consideration of the mutual covenants and conditions contained herein, the receipt and sufficiency of which is hereby acknowledged and agreed, the Parties (intending to be legally bound) hereby covenant and agree as follows:

### AGREEMENT

**Definitions:**

1. "Avoidance Action Claims" shall mean Claims the Trustee has asserted or alleged against the Defendants as initial transferee, or immediate or mediate transferee of an initial transferee, pursuant to Sections 544, 548, and/or 550 of the Bankruptcy Code or under 740 ILCS 160/1 et seq., the Illinois Uniform Fraudulent Transfer Act.

2. **"Claim"** or **"Claims"** shall have the same meaning as stated in 11 U.S.C. § 101(5) including, but not limited to, actions; causes of action; accounts; claims, or suits; debts; damages; reckonings; disputes; covenants; promises; trespasses; disputes; controversies; executions; judgments; and demands whatsoever: whether arising at law or in equity; contingent or fixed; inchoate or not inchoate; in rem or in personam; matured or unmatured; disputed or undisputed; arising by statute, ordinance, regulation or at common law; direct or by way of indemnity or contribution; and known or unknown.

3. **"Effective Date"** shall mean the date upon which the United States Bankruptcy Court for the Northern District of Illinois enters a Final Order approving this Settlement Agreement.

4. **"Final Order"** shall mean an order that is final for purposes of 28 U.S.C. § 158 or § 1291, is no longer subject to appeal or certiorari proceedings and no such proceedings are pending.

**Settlement Amount:**

5. No later than ten (10) days after the Effective Date, Heidi Perioli shall pay the Trustee Fifty-Seven Thousand And Ninety-Five Dollars and Seventy-Three Cents ($57,095.73) and Edith Naughton shall pay the Trustee Ten Thousand Dollars ($10,000.00) for a sum total of Sixty-Seven Thousand And Ninety-Five Dollars and Seventy-Three Cents ($67,095.73) in immediately available funds (the "Settlement Payment").

**Releases:**

6. Defendants, on behalf of themselves and their successors and assigns, shall and hereby do release, waive, disclaim and discharge the Trustee, the Debtor's estate, and their respective subsidiaries, affiliates, predecessors, attorneys, agents, representatives, successors,

and assigns of and from any and all Claims based upon any acts, omissions, conduct or other matters occurring prior to the date hereof.

7. Upon, and subject to, receipt of the Settlement Payment, the Trustee, on behalf of the Debtor and the Debtor's estate, shall and hereby does release, waive, disclaim and discharge the Defendants, and their subsidiaries, affiliates, predecessors, attorneys, agents, representatives, heirs, successors, and assigns of and from any and all Avoidance Action Claims, occurring prior to the date hereof.

### No Admission of Liability:

8. Nothing contained in this Agreement shall be deemed, cited or referred to as, an admission of any liability or lack of merit in any Claim, by any Party of any matter, Claim or defense previously in dispute.

### Representations and Warranties:

9. The Parties represent and warrant that they have not relied upon any promises, agreements, representations, statements or warranties in entering into this Agreement.

10. The Parties represent and warrant that they have not assigned any claims or causes of action that are subject to this Agreement they have against the other to any third party.

11. The Parties represent and warrant that they have read the Agreement, understand its contents, and are thoroughly familiar with the implications of this Agreement in all respects. Each Party is entering into this Agreement voluntarily without duress, and the Parties agree that no Party shall later seek to overturn or invalidate any respect of this Agreement on the ground of duress, unconscionability, oppression or any similar reason.

12. Each of the undersigned represents and warrants that he or she has the authority to execute this Agreement on behalf of the party for whom it is executed.

13. The Defendants represent and warrant that the transfers described in adversary proceedings Adv. No. 11-01108 and Adv. No. 11-01103 which they received as the initial transferee, or an immediate or mediate transferee of an initial transferee, were received for value and in good faith.

14. The Defendants represent and warrant that they had no knowledge of the Debtor's fraudulent scheme, including, but not limited to, no knowledge of the Debtor's theft, securities fraud, financial exploitation of an elderly person, lack of assets or insolvency.

15. All representations, warranties and undertakings contained in this Agreement shall survive closing and execution and consummation of this Agreement.

**Miscellaneous Terms and Conditions:**

16. If for any reason, including but not limited to avoidance and recovery under any of sections 544 through 553 of the Bankruptcy Code, any applicable fraudulent or preferential transfer law, or similar state or federal law, (a) the Trustee, or the Debtor's estate are ordered by a court of competent jurisdiction to return or disgorge the Settlement Amount or any portion thereof to the Defendants, or to their creditors or estate, or (b) this Agreement or any portion hereof is avoided or annulled by order of a court of competent jurisdiction, or (c) the Defendants do not make payment of the Settlement Payment pursuant to the terms of this Agreement, the releases granted herein shall be null, void and of no effect to that extent, and the Parties shall be free to pursue all remedies against each other that existed as of the date hereof as if this Agreement had never been executed, delivered and entered into by the Parties. In the event of any of the foregoing, any statute of limitations applicable to the Claims of the Trustee and the Debtor shall be deemed to have been tolled from the Effective Date to thirty (30) days following the date on which the Trustee receives actual notice of such order or missed payment.

17. This Agreement embodies the complete and entire agreement among the Parties concerning its subject matter and supersedes any prior oral or written representations, agreements or understandings or any contemporaneous oral understandings, representations or agreements. This Agreement may be modified only by a written document signed by the Parties. No waiver of this Agreement or of any of the promises, obligations, terms, or conditions hereof shall be valid unless it is written and signed by the party against whom the waiver is to be enforced.

18. Each term of this Agreement is contractual and not merely a recital.

19. In entering into this Agreement, each Party assumes the risk of any misrepresentation or mistake. If any Party shall subsequently discover that its understanding of the facts or of the law was incorrect, such Party shall not be entitled to any relief in connection therewith, including but not by way of limitation, any alleged right or Claim to set aside or rescind this Agreement. This Agreement is intended to be and is final and binding between the Parties hereto, regardless of any mistake of fact or law.

20. This Agreement shall be governed by the laws of the State of Illinois, irrespective of its choice of law rules, and shall be modified only by further written agreement of all Parties.

21. The Parties consent to the jurisdiction of the Bankruptcy Court with respect to any dispute concerning this Agreement.

22. A facsimile or emailed copy of the executed Agreement shall serve as an original. This Agreement may be executed in counterparts, each of which shall constitute an original and all of which shall constitute one and the same Settlement Agreement.

IN WITNESS WHEREOF, the Parties hereby have executed this Agreement as of the day and year first above written.

## SIGNATURES

DAVID P. LEIBOWITZ, Chapter 7 Trustee
of the bankruptcy estate of
Kevin G. Carney

_____


HEIDI PERIOLI

By: _Heidi M Perioli_
Name: _Heidi M Perioli_
Title: _____


EDITH NAUGHTON

By: _Edith A. Naughton_
Name: _Edith A Naughton_
Title: _____