**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| KEVIN G. CARNEY, | ) Case No. 09 B 18053 |
| | ) |
| Debtor. | ) Honorable Pamela S. Hollis |
| | ) **Hearing: June 29, 2017** |

**NOTICE OF FIRST AND FINAL FEE APPLICATION OF
JENNER & BLOCK LLP, AS SPECIAL COUNSEL FOR THE TRUSTEE,
FOR PAYMENT OF COMPENSATION FOR SERVICES RENDERED AND FOR
REIMBURSEMENT OF EXPENSES INCURRED
FOR THE PERIOD FROM MAY 13, 2010 THROUGH AUGUST 31, 2016**

TO:   SEE ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that on June 8, 2017, we filed the **First and Final Fee Application Of Jenner & Block LLP, As Special Counsel For The Trustee, For Payment Of Compensation For Services Rendered And For Reimbursement Of Expenses Incurred For the Period From May 13, 2010 Through August 31, 2016**.

                      JENNER & BLOCK, LLP

                      BY:   /s/ *Ronald R. Peterson*
                              Ronald R. Peterson

Ronald R. Peterson (2188473)
JENNER & BLOCK, LLP
353 North Clark St.
Chicago, Illinois 60654
PH:   312/222-9350
FAX: 312/527-0484

Dated: June 8, 2017

2149949.3

## **CERTIFICATE OF SERVICE**

I, Ronald R. Peterson certify that, on June 8, 2017, I caused a copy of the foregoing **Notice of Application** and **First And Final Fee Application Of Jenner & Block LLP, As Special Counsel For The Trustee, For Payment Of Compensation For Services Rendered And For Reimbursement Of Expenses Incurred For The Period From May 13, 2010 Through August 31, 2016** to be served upon the attached Service List by the Court's ECF filing system.

>                              */s/ Ronald R. Peterson*
>                              Ronald R. Peterson

2149949.3

<u>ECF SERVICE LIST</u>
09-18053

- Jonathan T Brand    JonathanBrand2014@gmail.com, ECF@lakelaw.com
- Abraham Brustein    abrustein@dimonteandlizak.com, jjarke@dimontelaw.com
- Stewart A Chapman    northerndistrict@atty-pierce.com
- William D Cherny    bill@chernylaw.com, r42907@notify.bestcase.com
- Michael P Connelly    mconnelly@crmlaw.com
- Daniel P. Dawson    ddawson@nisen.com, adrag@nisen.com
- Kathleen M DiCola    kmdicola@gmail.com
- Riccardo A. DiMonte    rdimonte@dimonteandlizak.com
- Bruce C. Dopke    bdopke@stahlcowen.com, bruce@dopkelaw.com
- Marc Ira Fenton    mfenton@lplegal.com, cblumka@lplegal.com;ikropiewnicka@lplegal.com
- Gary N Foley    garyfoley@hotmail.com
- Joel P Fonferko    ND-One@il.cslegal.com
- Bradley H Foreman    Brad@BradleyForeman.com
- Laura Dolores Frye    lauradfrye@att.net
- John E Gierum    john@gierummantas.com, karen@gierummantas.com
- Daniel L Giudice    giudicelaw@gmail.com, giudice1413@gmail.com
- Daniel T. Graham    dgraham@clarkhill.com, rbauer@clarkhill.com,jsommers@clarkhill.com
- Richard D. Grossman    rgat135@gmail.com, bfahy2001@yahoo.com;rgat135@aol.com
- Derrick B Hager    dirkhager@sbcglobal.net
- Blake T Hannafan    bth@hannafanlaw.com
- Jeffrey S Harris    chicagolawyer@aol.com, Jeff@windycitylawyer.com;chicagobklawyer@gmail.com;G1648@notify.cincompass.com
- David L Kane    dkane@mpslaw.com, crampich@mpslaw.com
- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
- David P Leibowitz    dleibowitz@lakelaw.com, il64@ecfcbis.com;ECF@lakelaw.com;dl@trustesolutions.com;dl@trustesolutions.net
- David P Leibowitz    dleibowitz@lakelaw.com, czuniga@lakelaw.com;jstorer@lakelaw.com;ECF@lakelaw.com
- Eric J Malnar    eric.malnar@qpwblaw.com
- Edward S. Margolis    emargolis@tellerlevit.com
- Ronald Peterson    rpeterson@jenner.com, lraiford@jenner.com
- Ronald Peterson    rpeterson@jenner.com, lraiford@jenner.com
- Landon S Raiford    lraiford@jenner.com, mmatlock@jenner.com;JSteffen@jenner.com
- N. Neville Reid    nreid@foxswibel.com, bkdocket@fslc.com,kmcfarland@fslc.com
- Megan S Roche    mroche@jjroche.net
- Mark D. Roth    markdroth@gmail.com
- Derek D Samz    dsamz@dimontelaw.com, mrussell@dimontelaw.com
- Heidi I Schmid    hschmid@cm-chi.com
- Ryan T Schultz    rschultz@foxswibel.com, bkdocket@fslc.com

- Jordan D Shea    jds@willmont.com
- James Stevens    jstevens@chuhak.com, pgilliand@chuhak.com;lgreever@chuhak.com;dzonca@chuhak.com
- Peter M Tumminaro    pmtlawltd@aol.com
- James H Whalen    jhw@lipelyons.com, donna@lipelyons.com
- Barbara L Yong    blyong@golanchristie.com, mperez@gct.law,myproductionss@gmail.com,tstephenson@gct.law,tfalligant@gct.law,kbaltowski@gct.law

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| KEVIN G. CARNEY, | ) | Case No. 09 B 18053 |
| | ) | |
| Debtor. | ) | Honorable Pamela S. Hollis |
| | ) | **Hearing: June 29, 2017** |

**FIRST AND FINAL FEE APPLICATION OF
JENNER & BLOCK LLP, AS SPECIAL COUNSEL FOR THE TRUSTEE,
FOR PAYMENT OF COMPENSATION FOR SERVICES RENDERED AND FOR
REIMBURSEMENT OF EXPENSES INCURRED
FOR THE PERIOD FROM MAY 13, 2010 THROUGH AUGUST 31, 2016**

Jenner & Block LLP ("Jenner"), special counsel to David P. Leibowitz, the chapter 7 trustee (the "Trustee") for the bankruptcy estate of Kevin G. Carney (the "Debtor"), hereby submits this first and final fee application for payment of interim compensation for services rendered and for reimbursement of expenses incurred for the period from May 13, 2010 through August 31, 2016 (the "Application") seeking (i) allowance and payment of $399,112.50 in fees, and (ii) reimbursement of $45,338.21, in expenses for the period from May 13, 2010 through August 31, 2016 (the "Application Period"), pursuant to sections 328, 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules"), and the United States Trustee Fee Guidelines — Guidelines for Reviewing Applications for Compensation and Reimbursement of Disbursements Filed under 11 U.S.C. §330 (Appendix A to 28 C.F.R. §58) (the "UST Guidelines"). In support of this Application, Jenner hereby states as follows:

2149949.3

## INTRODUCTION

1. This Court has jurisdiction over the Application pursuant to 28 U.S.C. §1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 328, 330 and 331 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 2016, Local Rule 5082-1, and the UST Guidelines.

## BACKGROUND

1. Beginning in approximately 2005, the Debtor began a Ponzi scheme.

2. On May 19, 2009, after the Debtor's Ponzi scheme had been exposed, an involuntary bankruptcy petition was filed against the debtor under chapter 7 of title 11 of the United States Code (the "Case"). Thereafter, the United States Trustee for the Northern District of Illinois appointed David P. Leibowitz as Trustee. (Dkt. 14).

3. In October 2009, the Illinois Attorney General's Office indicted and arrested the Debtor in DuPage County, asserting that the Debtor has committed the following crimes: theft over $500,000, theft by deception over $500,000, theft by unauthorized control over $500,000, securities fraud, wire fraud, mail fraud and selling securities without registering.

4. On or about March 2010, the Illinois Attorney General filed an indictment against the Debtor in Cook County, Indictment No. 10cr-5591. The counts asserted by the Illinois Attorney General against the Debtor in the Cook County indictment are similar in scope and alleged malfeasance as the DuPage County Indictment.

2149949.3

5. In the Cook County indictment, the Debtor pled guilty to theft, securities fraud, and financial exploitation of an elderly person. As a result the Debtor was sentenced to an eight year prison sentence.

6. On June 10, 2010, the Court entered an order authorizing the retention of Jenner as special counsel to the Trustee, *nunc pro tunc* to May 10, 2010 (Docket No. 727).

7. Since its retention, and as explained in more detail below, Jenner has served as primary litigation counsel to the Trustee and through its efforts have brought in over $1.5 million into the Debtor's estate and resolved over $3.3 million in claims asserted against the Debtor's estate. In performing its services to the Trustee, Jenner incurred fees of $665,780.50 in fees and $47,444.99 in expenses. Jenner, however, voluntarily has substantially reduced the amount it is seeking and seeks payment of $399,112.50 in fees and $45,338.21 in expenses.

**PAYMENT AND REIMBURSEMENT REQUESTED**

8. Jenner submits this Application (a) for payment of compensation for actual, reasonable, and necessary professional services performed by it as counsel for the Trustee during the Application Period, and (b) for reimbursement of actual, reasonable, and necessary disbursements made to pay expenses incurred in representing the Trustee during the Application Period. This is Jenner's first application.

9. For the legal services rendered during the Application Period, Jenner seeks $399,112.50 in fees, which have been calculated at Jenner's usual and customary hourly rates as more specifically set forth herein. In addition, Jenner seeks reimbursement of $45,338.21 of expenses incurred during the Application Period. Jenner has not yet received any compensation for fees and expenses incurred.

10. The fees sought by this Application reflect an aggregate of 945.50 hours of attorney and paraprofessional time spent and recorded in performing services for the Trustee during the Application Period. Of the aggregate time expended, 539.40 recorded hours were expended by partners, 390.00 recorded hours were expended by associates and 16.10 recorded hours were expended by paralegals and project assistants. This fee request does not include time that might be construed as duplicative or otherwise not beneficial to the Trustee or the Debtors' estates, which has already been eliminated by Jenner. In addition, and as noted above, Jenner has agreed to substantially limit its request for compensation and reimbursement of expenses in order to maximize recovery to creditors. Had Jenner sought payment for all of the time spent and expenses actually incurred in connection with this case, Jenner would be seeking $665,780.50 in fees and $47,444.99 in expenses.

11. During the Application Period, Jenner's hourly billing rates for attorneys working on these matters ranged from $325 to $800 per hour, and hourly billing rates for paraprofessionals ranged from $170 to $310 per hour. Allowance of compensation in the amount requested would result in a blended hourly billing rate of approximately $422.17. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national legal market. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

12. Attached hereto as <u>Exhibit A</u> is a schedule setting forth all Jenner professionals and paraprofessionals who have performed services in the Case during the Application Period,

the capacities in which each such individual is employed by Jenner, the hourly billing rate charged for services performed by such individual, the aggregate number of hours expended in this matter and fees billed therefore, the year in which each professional was first licensed to practice law and the year in which each professional graduated from law school.

13. Attached hereto as Exhibit B is a summary arranged by project categories of the fees generated by services performed during the Application Period and, for each separate project category, a list of each person providing services on the project, a statement of the number of hours spent and the amount of compensation requested for each person on the project.

14. Jenner maintains computerized records of the time spent by all attorneys and paraprofessionals in connection with the representation of the Trustee in the case. Copies of these computerized records are attached hereto as Exhibit C.

15. Attached hereto as Exhibit D is a schedule specifying the categories of expenses for which Jenner is seeking reimbursement and the total amount for each such expense category.

16. Attached hereto as Exhibit E is a detailed list of all expenses for which Jenner seeks reimbursement; Exhibit F contains copies of receipts for expenses of $25 or more incurred during the Application Period.

17. All of the services for which interim compensation is sought were rendered to the Trustee solely in connection with this case, in furtherance of the duties and functions of the Trustee and not on behalf of any individual creditor or other person.

18. Jenner has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in this case.

5

2149949.3

19. Jenner has not shared, or agreed to share, (a) any compensation it has received or may receive with another party or person, other than with the members, counsel and associates of the firm, or (b) any compensation another person or party has received or may receive. No promises have been received by Jenner or any member thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

## BASIS FOR PAYMENT

20. Professional services and expenses for which compensation and reimbursement are sought were rendered and expended on behalf of the Trustee pursuant to chapter 7 of the Bankruptcy Code. Jenner believes it is appropriate that it be compensated for the time spent and be reimbursed for the expenses incurred in connection with these matters. All of the fees and expenses sought to be paid or reimbursed in this Application were actual, necessary, and reasonable, and benefited the Debtors' estates and creditors.

21. As set forth in Jenner's retention application, the Trustee retained Jenner as his counsel to provide the following professional services:

    a. Assisting the Trustee in his investigation of the acts, conduct, assets, liabilities and financial condition of the Debtor, the operation of the Debtor's business and any other matters relevant to the case;

    b. Investigating the Debtor's transactions with third parties and pursuing litigation where appropriate;

    c. Performing all related legal services as may be required.

22. During the Application Period, Jenner has performed a wide variety of tasks on the Trustee's behalf in connection with his administration of the Debtor's estate. The following summary is intended to highlight the major areas in which Jenner rendered services during the

6

2149949.3

Application Period and is not intended to be a comprehensive detailed description of the work performed. Detailed descriptions of the day-to-day services provided and the time expended performing such services in each project billing category are attached as <u>Exhibit B</u>. A list of each person providing services on the project, a statement of the number of hours spent and the amount of compensation requested for each person on the project are attached as <u>Exhibit A</u>.

**Summary of Legal Services Performed During the Application Period**

23. Jenner divided its work for the Trustee into the following billing categories:

a. **Retention ($4,599.00; Hours: 9.40)**. Time in this category corresponds to Jenner's efforts in connection with its retention and special counsel and the preparation of this Fee Application.

b. **Case Administration ($17,526.00; Hours: 31.10)**. This category covers miscellaneous activities that are not covered by other more specific categories. Included among the types of activities billed in this category are case administration tasks such as communications with the Trustee's primary counsel, and time spent preparing miscellaneous motions not directly tied to any one adversary proceeding.

c. **Pre-Litigation Investigation ($160,935.50; Hours: 432.90).** This category includes time spent evaluating potential avoidance action claim the Trustee possessed against dozens of third parties. This category encompasses all of Jenner's pre-litigation investigatory work which included unraveling the Debtor's financial machinations, determining against whom claims could be brought and attempting to settle those claims prior to the commencement of litigation.

**Avoidance Action Litigation ($216,052.00; Hours: 472.10)**. Beginning in May 2011, Jenner commenced over eighty fraudulent transfer actions. Time in this category

7

2149949.3

encompasses Jenner's efforts in pursuing those actions. All adversary proceedings have been resolved—the vast majority of which through Court-approved settlements; some through judgment orders and a handful were dismissed due to the defendants filing bankruptcy. In sum, Jenner's efforts brought in over $1.5 million to the Debtor's estate from direct litigation recoveries, obtained another $1.1 million in judgments that the Trustee subsequently sold to a third party and cleared away over $3.3 million in asserted claims against the estate.

## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

24. The foregoing professional services rendered during the Application Period were necessary and appropriate to assist the Trustee with the administration of the case and was in the best interests of the Debtor. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved. Jenner has taken significant efforts to ensure that the professional services were performed with expedience and in an efficient manner and without duplication of effort.

25. In preparing this Application, Jenner calculated the amount of time spent by each attorney and paralegal in performing actual and necessary legal services for the Trustee. That data came directly from computer printouts that are kept on each Jenner client. Time entries are kept on daily logs or on computer hard drives. These entries were in turn used to produce the time records for this Application. Jenner attorneys have reviewed the computer printouts for errors.

26. The rates charged by Jenner in this case are its standard rates. The rates charged by Jenner also are consistent with reasonable and customary hourly rates charged by other

8

attorneys throughout the country in matters of similar complexity, scope and national significance.

27. Section 330 provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, the extent, and the value of such services, taking into account all relevant factors, including
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

Id. § 330(a)(3).

28. In the instant case, Jenner respectfully submits that the services for which it seeks compensation in this Application were necessary for and beneficial to the Trustee's efforts in administrating the Debtor's estate, and necessary to and in the best interests of the Debtor's estate. Jenner further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services provided to the Trustee.

9

29.     In sum, the services rendered by Jenner were necessary and beneficial to the Debtors' estates, and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. Accordingly, approval of the interim compensation sought herein for the Application Period is warranted.

WHEREFORE, Jenner respectfully requests: (i) allowance of compensation for professional services rendered during the First Application Period in the amount of $399,112.50; (ii) allowance for actual and necessary expenses Jenner incurred during the Tenth Application Period in the amount of $45,338.21; and (iii) authorization for the Trustee to pay Jenner, to the extent not previously paid for the professional services rendered and expenses incurred during the Application Period in the amount of $444,450.71.

Dated: June 8, 2017                                                      Respectfully submitted,


                                                                         JENNER & BLOCK, LLP

                                                              BY:         /s/ *Ronald R. Peterson*
                                                                         Ronald R. Peterson

Ronald R. Peterson (2188473)
JENNER & BLOCK, LLP
353 North Clark St.
Chicago, Illinois  60654
PH:     312/222-9350
FAX:    312/527-0484

10

2149949.3